Alam v Priority One Ambulance, Inc.
2026 NY Slip Op 03937
June 24, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Masudul Alam, respondent,
v
Priority One Ambulance, Inc., et al., appellants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 24, 2026
2025-02180, (Index No. 513590/18)
Betsy Barros, J.P.
Lara J. Genovesi
Lourdes M. Ventura
Elena Goldberg Velazquez, JJ.

Lifflander & Reich LLP, New York, NY (Kent B. Dolan of counsel), for appellants.
Paul Ajlouny & Associates, P.C. (The Lucciola Law Group, P.C., New York, NY [Elena Goor Barron], of counsel), for respondent.

[*1]
DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Wavny Toussaint, J.), dated January 21, 2025. The order denied the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident is granted.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained in a motor vehicle accident. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. In an order dated January 21, 2025, the Supreme Court denied the motion. The defendants appeal.
As the defendants correctly contend, the plaintiff failed to raise a triable issue of fact in opposition to the defendants' motion, as neither he nor his physicians offered a reasonable explanation for the lengthy gap in his treatment from January 2019 to March 2021 (see Pommells v Perez, 4 NY3d 566, 574; Hwang v Ilgar, 178 AD3d 784, 785; Atken v Jackson, 164 AD3d 869, 869-870). Contrary to the Supreme Court's determination, the plaintiff failed to provide any evidence to support his contention that he stopped treatment due to the COVID-19 pandemic. In any event, the plaintiff failed to offer a reasonable explanation for the gap in his treatment prior to the COVID-19 pandemic.
The parties' remaining contentions either are not properly before this Court or need not be addressed in light of our determination.
Accordingly, the Supreme Court should have granted the defendants' motion for [*2]summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident.
BARROS, J.P., GENOVESI, VENTURA and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court